IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LIVINGSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>LEUPOLD & STEVENS, INC.,<br><br>    Defendant. | No.  2:23-CV-0090-KJM-DMC<br><br><br>ORDER |

        Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the Court is Plaintiff's unopposed motion to compel discovery. See ECF No. 18. Upon Defendant's failure to file an opposition to the motion, the matter was submitted on the papers without oral argument. See ECF No. 21 (minute order).

        The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

>issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

On January 12, 2024, Plaintiff served interrogatories and requests for production on Defendant. See ECF Nos. 18-3 and 18-4. As of the filing of Plaintiff's motion to compel on February 29, 2024, Defendant had not served any responses or provided any discovery. The Court finds that Plaintiff has established her burden of demonstrating Defendant's failure to provide discovery and Plaintiff's entitlement to an order compelling Defendant to respond to Plaintiff's discovery requests. Such responses shall be ordered to be provided without objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468 (9th Cir. 1992).

///

///

Plaintiff also seeks an extension of the discovery deadlines established in the Court's July 14, 2023, scheduling order, as modified by stipulation of the parties on December 6, 2023. Under the modified schedule, initial expert witness disclosures were due to be exchanged by April 15, 2024; rebuttal expert disclosure were due to be exchanged, if necessary, by May 13, 2024; non-expert discovery is due to be completed by June 10, 2024; expert discovery is due to be completed by July 29, 2024; and dispositive motions are due to be heard by September 30, 2024. See ECF No. 16. No dates have been set for a pre-trial conference or commencement of trial. The Court will grant Plaintiff's request for an extension and extend these deadlines by approximately 90 days. Further, given the apparent lack of cooperation from defense counsel in the discovery process, the Court will sua sponte vacate the settlement conference currently set for June 20, 2024, pending a joint request by the parties for the matter to be re-set.

Defendant is cautioned that failure to comply with this order may result in imposition of terminating sanctions, upon appropriate motion and for good cause shown. See Fed. R. Civ. P. 37.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's unopposed motion to compel, ECF No. 18, is GRANTED.

2. Within 30 days of the date of this order, Defendant shall serve responses to Plaintiff's interrogatories, set one, and Plaintiff's requests for production, set one, along with all responsive documents, such responses to be verified where required and provided without objection.

3. The Court extends the deadlines set in the modified scheduling order issued on December 6, 2024, as follows:

    a. Expert witness disclosures shall be exchanged by July 15, 2024.

    b. Rebuttal expert witness disclosures shall be exchanged by August 12, 2024.

    c. Non-expert discovery shall be completed by September 9, 2024.

    d. Expert discover shall be completed by October 28, 2024.

    e. All dispositive motion shall be noticed to be heard by January 13, 2025.

  4. The settlement conference set for June 20, 2024, at 10:00 a.m., before the undersigned in Redding, California, is VACATED.

Dated: May 21, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE